## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

William Dwight Sampson

September 13, 2007

Case No. FE-2007-779

BY JUDGE CHARLES J. MAXFIELD

This matter came before the Court on August 31, 2007, on the Defendant, William Dwight Sampson's Motion to Suppress statements made during telephone calls from the Fairfax County Adult Detention Center. After oral argument, the Court took the matter under advisement.

### I. *Issue*

The Court must decide whether the Defendant's statements should be suppressed as having been recorded in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520 (Title III).

### II. *Facts*

As a regular practice before admitting a prisoner to the general population at the Fairfax County Adult Detention Center (ADC), the Sheriff's Office requires the prisoner to sign intake documents advising him of policies and privileges. These documents are filled out by inmates as part of a checklist. Afterward, inmates are given a handbook which further explains policies and privileges in the jail. Telephone usage is a privilege.

The intake documents and handbook both contain language informing the inmate that the Sheriff reserves the right to record telephone calls. Inmates are not asked to sign any form consenting to call recording or monitoring, nor has the Commonwealth argued that, in this case, those documents might amount to one. The intake documents are merely used to give notice.

If signed, the intake documents are filed under the particular inmate's name. Where an inmate refuses to sign the documents, he is held in an intake cell apart from the general population and denied privileges such as access to the telephones as well as non-necessary amenities. The intake cells are approximately ten feet by fifteen feet including a bunk and private toilet.

When an inmate in the general population chooses to make a phone call, both the calling inmate and the receiving party hear a recorded message saying that the "calls may be monitored." In fact, with the exception of conversations with their attorneys, all inmate telephone calls are recorded and monitored.

Title III prohibits the intentional interception or procurement of another person to intercept any wire, oral, or electronic communication absent one of the statutory exceptions. The Defendant argues, and the Commonwealth has not disputed, that Title III regulates the recording of inmate telephone calls. However, the Commonwealth contends that two statutory exceptions apply: (1) the law enforcement exception, and (2) the consent exception.

### III. *Analysis and Conclusion*

The law enforcement exception, 18 U.S.C. § 2510(5)(a)(ii) excepts interception of communications when done "by an investigative or law enforcement officer in the ordinary course of his duties."

The Defendant argues that Fairfax County deputy sheriffs do not meet the definition of "investigative or law enforcement officer." Judge Ellis in *United States v. Rivera*, 292 F. Supp. 2d 838 (E.D. Va. 2003), in a well reasoned opinion, specifically found this county's sheriffs to fall within the statute's definition. This court finds this opinion to be persuasive and accordingly holds that Fairfax County deputy sheriff's acting in the ordinary course of their duties are excepted from the provision of Title III.

The Commonwealth also argues that Title III in § 2511(2)(c) creates an exception when the speaker consents to the recording and monitoring. Again Judge Ellis in *Rivera* thoroughly analyzed Fairfax County's ADC procedure and the case law in this area and concluded that the ADC procedure creates implied consent sufficient to meet the exception of Title

III. *Rivera* at 844. This court again finds *Rivera* to be persuasive and finds that the Defendant by implication consented to the recording of his conversation.

The motion to suppress the recordings of the Defendant's telephone calls from the ADC is denied.